PROB 12C
(6/16)

Report Date: January 3, 2022

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2022

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Tyrone Vincent Watlamett         Case Number: 0980 1:15CR02008-LRS-1

Address of Offender:                       , Spokane, Washington 99223

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: December 17, 2015

Original Offense:        Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

Original Sentence:       Prison - 60 months;              Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Thomas J. Hanlon                 Date Supervision Commenced: June 7, 2019

Defense Attorney:        Federal Defenders Office         Date Supervision Expires: June 6, 2022

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number        Nature of Noncompliance

1                       **Special Condition # 14**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

                        **Supporting Evidence**:  It is alleged that Tyrone Watlamett violated the terms of his supervised release by failing to attend a substance abuse assessment as required, on or about December 10, 23 and 28, 2021.

                        On June 7, 2019, supervision commenced in this matter. On June 10, 2021, a supervision intake was conducted. Mr. Watlamett signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, to include the above-noted special condition number 14.

                        Due to recent illicit drug use addressed in the report on offender under supervision filed on November 23, 2021, Mr. Watlamett was referred to Pioneer Human Services (PHS) to complete a substance abuse assessment to determine need of treatment services.

Mr. Watlamett was first scheduled to participate in an assessment with PHS on December 10, 2021. He failed to attend this appointment and after direction from the undersigned he rescheduled it for December 23, 2021. Mr. Watlamett was more than 45 minutes late for this appointment so this appointment was then rescheduled again to December 28, 2021. He then failed to attend that appointment. He later indicated he thought the appointment was later in the day than the time it was actually scheduled.

Mr. Watlamett also reported he would be seeking detox services. However, at the time of this report, it appears he has not rescheduled his assessment with PHS nor has he engaged in detox services.

2    **Special Condition # 16**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Tyrone Watlamett violated the terms of his supervised release by consuming a controlled substance, methamphetamine, on or about December 23 and 28, 2021.

On June 7, 2019, supervision commenced in this matter. On June 10, 2021, a supervision intake was conducted. Mr. Watlamett signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16.

On December 23, 2021, Mr. Watlamett reported to PHS for a random urinalysis. He tested presumptive positive for methamphetamine. At that time he denied use and the sample was sent to the lab for additional testing. On December 30, 2021, Mr. Watlamett reported to the probation office for the purpose of a urinalysis. After more than 2 hours, Mr. Watlamett was unable to provide a sample but advised he had used methamphetamine approximately a week prior. He then signed a drug use admission form indicating his last use of methamphetamine was on December 28, 2021.

3    **Special Condition # 16**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Tyrone Watlamett violated the terms of his supervised release by failing to submit to a urinalysis on or about December 28, 2021.

On June 7, 2019, supervision commenced in this matter. On June 10, 2021, a supervision intake was conducted. Mr. Watlamett signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, to include the above-noted special condition number 16.

Mr. Watlamett is enrolled in the urine testing program through PHS, in which he is required to call the testing line daily to determine if he is expected to submit to testing that same day. On December 28, 2021, his color was called and he was expected to drug test that day. In addition, the undersigned had a phone conversation with him in the afternoon in which he

Prob12C
Re: Watlamett, Tyrone Vincent
January 3, 2022
Page 3

indicated he was at PHS. He was then reminded he was to drug test before he left the facility. Mr. Watlamett failed to submit to drug testing that day.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  01/03/2022

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

January 3, 2021

Date